UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHERYL M. CORBETT,

        Plaintiff,

vs.                                    Case No: 2:04-cv-259-FtM-29SPC

JO ANNE BARNHART,
Commissioner of Social Security,

        Defendant.
_____

**REPORT AND RECOMMENDATION**[1]

      This matter comes before the Court on the Plaintiff Cheryl M. Corbett's Complaint Seeking Review of the Final Decision of the Commissioner of Social Security (Commissioner) denying the Plaintiff's Claim for Disability Insurance (Doc. #1) filed on May 7, 2004. On February 10, 2005, the Plaintiff filed her Memorandum in Opposition to the Commissioner's Decision (Doc. #14). The Plaintiff also filed an Appendix A on February 11, 2005 (Doc. #15). The Commissioner filed a response on March 21, 2005. (Doc. #18). Thus, the motion is now ripe for review.

      The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and administrative record, and the pleadings and memoranda submitted by the parties in this case.

---

[1] This Report and Recommendation addresses only the issues brought up for review by the District Court pursuant to 28 U.S.C. § 405(g).

## BACKGROUND

*Procedural History*

On October 4, 2001, the Plaintiff filed an application for Disability Insurance Benefits (SSDI) alleging a disability onset date of April 29, 2000. The application was denied initially on January 9, 2002 (Tr. 28-30) and upon reconsideration on April 26, 2002 (Tr. 26-27). The Plaintiff filed a Request for Hearing on June 28, 2002 (Tr. 31). A hearing was held on August 21, 2003 before the Honorable V. Paul McGinn, Administrative Law Judge (ALJ), in Providence, Rhode Island. (Tr. 290-319). The ALJ issued an unfavorable decision on December 5, 2003. (Tr. 15-17). The Plaintiff filed a Request for Review to the Appeals Council on December 31, 2003. (Tr. 12). On March 4, 2004, the Appeals Council denied her request for review making the ALJ's decision the final decision of the Commissioner. (Tr. 7). Pursuant to 42 U.S.C.§ 405(g), the Plaintiff now seeks judicial review of the Commissioner's final decision.

*Plaintiff's History*

At the time of the hearing, the Plaintiff was a fifty-four (54) year old female, a person closely approaching advanced age. (Tr. 18). The Plaintiff has a high school education with a past relevant work history as an optician and manager. (Tr. 18). The Plaintiff's past employment was considered skilled, light employment. The Plaintiff's medical history, including detailed reports from treating physicians, state appointed physician reviews of the Plaintiff's condition, transcripts, the ALJ's decision, and all other relevant information are set forth in the record.

*Medical History*

The most comprehensive assessment of plaintiff's medical conditions is found in an evaluation of Peter A. Fischer, M.D dated September 10, 2003. (Tr. 234). He reported a "long

history of pain" that included neck and back pain for at least nine (9) years. (Tr. 233). An MRI of the cervical spine in May 2001 revealed "multilevel degenerative disc disease" with pain involving the base of the neck that radiates to the trapezius all the way to the lower back. (Tr. 233). The pain is daily, rated as 7/10 that is worse in the morning and at the end of the day. (Tr. 233). She also reported "bilateral hip pain, right greater than left, worse in the morning or with prolonged sitting rated as 7/10". (Tr. 233). She also complained of "right anteroposterior knee pain, constant, worse with prolonged sitting, short walks, or with prolonged standing" that is rated at 7/10 and is becoming worse. (Tr. 233). She reports a long history of shoulder pain that became significantly worse following a slipping injury on a boat that required surgery to repair a left rotator cuff tear in July 2002. (Tr. 233). An MRI of the right shoulder revealed tendinosis. In January 2003, her pain spontaneously worsened with anterolateral shoulder pain, worse with reaching and internal rotation, and rated as 6/10. (Tr. 233). Finally, she has pain at the base of her right thumb radiating to the right forearm that is worse with grasping or turning of the hand. Dr. Fischer prescribed a splint for her right hand. (Tr. 233). Following physical examination, Dr. Fischer found "widespread arthralgias" with "multiple diagnoses including osteoarthritis of the cervical and lumbar spine, right basal joint synovitis, bilateral impingement syndrome, osteoarthritis of the right knee with a torn meniscus, and bilateral trochanteric bursitis". (Tr. 234). At the end of the evaluation the doctor found that the patient fits the criteria of fibromyalgia with widespread pain, poor sleep, mood disorder, headaches, and irritable bowel syndrome. (Tr. 234). After further testing, Dr. Fischer confirmed the diagnosis of fibromyalgia (T. 231); and, started her on prednisone following a probable diagnosis of polymyalgia rheumatica ("PMR") (Tr. 232).

*Administrative Law Judge's Findings*

Upon consideration of the entire record, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability of April 29, 2000. (Tr. 21). He found that the medical evidence established that the Plaintiff had an impairment that was considered "severe" within the Regulations. (Tr. 21). However, the medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found that the Plaintiff's allegations regarding her limitations were not totally credible and that despite the Plaintiff's claims otherwise, the Plaintiff had the residual functional capacity to perform light work. (Tr. 23). Based upon the testimony of the impartial vocational expert and medical expert, the ALJ found that the Plaintiff's combination of impairments, including neck and shoulder pain, lower back pain with sciatica, and right hip and leg pain did not preclude the Plaintiff from performing her duties as an optician. Thus, the Plaintiff was found to be not disabled under the Social Security Act.

**STANDARD OF REVIEW**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416 (I), 423 (d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423 (d)(2); 20 C.F.R. §§404.1505 - 404.1511.

**A. Affirmance**

The scope of this Court's review is limited to determining whether the ALJ applied the

correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390, 91 S. Ct. 1420, 28 L. Ed 2d 842 (1971). In evaluating whether a claimant is disabled, the ALJ must follow the sequential inquiry described in the regulations[2]. See 20 C.F.R. §§ 404.1520(a), 404.920(a). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla-*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982)); Richardson, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 585 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.3d 1356, 1458 (11th

---

[2]The inquiry requires the ALJ to engage in a five-step analysis, which will either preclude or mandate a finding of disability. The steps are as follows:
   *Step 1*.  Is the claimant engaged in substantial gainful activity? If the claimant is engaged in such activity, then he or she is not disabled. If not, then the ALJ must move on to the next question.
   *Step 2*.  Does the claimant suffer from a severe impairment? If not, then the claimant is not disabled. If there is a severe impairment, the ALJ moves on to step three.
   *Step 3*.  Does the claimant's impairment meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, then the claimant is disabled. If not, the next question must be resolved.
   *Step 4*.  Can the claimant perform his or her former work? If the claimant can perform his or her past relevant work, he or she is not disabled. If not, the ALJ must answer the last question.
   *Step 5*.  Can he or she engage in other work of the sort found in the national economy? If so, then the claimant is not disabled. If the claimant cannot engage in other work, then he or she is disabled. See 20 C.F.R. §§404.1520(a)-(f), 416.920(a)-(f); see also Phillips v. Barnhart, 357 F.3d 1232, 1237-40 (11th Cir. 2004); Foote v. Chater, 67 F.3d 1553, 1557 (11th Cir. 1995) (per curiam).

Cir. 1991).  The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Foote, 67 F.3d at 1560; Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir 1992) (holding the court must scrutinize the entire record to determine reasonableness of factual findings).

The court  "may not decide the facts anew, reweigh the evidence or substitute it's judgment for that of the [Commissioner]."Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  If the Commissioner's decision is supported by substantial evidence, it should not be disturbed. Lewis v. Callahan, 125 F. 3d 1436, 1440 (11th Cir. 1997).

## B.  Reversal and Remand

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405 (g)(Sentence Four).  The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

This Court may reverse the decision of the Commissioner, and order an award of disability benefits, where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  The district court may also remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405 (g); under sentence six of 42 U.S.C. § 405 (g); or under both sentences. Jackson v. Chater, 99 F.3d 1086, 1089 - 92, 1095, 1098 (11th Cir. 1996).

To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Jackson, 99 F.3d at 1090 - 91 (remand appropriate where ALJ failed to develop a full and fair record of claimant's residual functional capacity); Davis, 985 F.2d at 534 (remand to the Secretary is warranted where the ALJ has failed to apply the correct legal standards). Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. Falcon v. Heckler, 732 F.2d 827, 830 (11th Cir. 1984). (remand was appropriate to allow ALJ to explain the his basis of his decision).

On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence upon a showing that there is new evidence which is material and that there was good cause for the failure to incorporate such evidence into the record during a prior proceeding. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983)(finding ALJ error and remanding to consider psychiatric evaluation); Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (remanding on the grounds that it is reversible error for the ALJ not to order a consultative examination when warranted). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. Jackson, 99 F.3d at 1095.

## **DISCUSSION**

The Plaintiff argues that the ALJ's decision should be remanded because she was: (1) disadvantaged by the uniformed waiver of her right to counsel; (2) the ALJ and the Appeals Council failed to consider or give any weight to the opinion of the plaintiffs treating rheumatologist and thereby failed to apply the required standard of review; (3) the ALJ failed to consider the Plaintiff's

fibromyalgia at step two of the sequential evaluation; and (4) the ALJ's finding that the Plaintiff could return to her past employment was not supported by substantial evidence. The Commissioner's response asserts that the Commissioner's decision was supported by substantial evidence and should be affirmed.

*(1) Whether the Plaintiff was Disadvantaged by the Uniform Waiver of the Right to Counsel*

A social security claimant has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right. 42 U.S.C.§ 406; Cowart, 662 F.2d at 734. The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. at 735-736. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. Brown v. Shalala, 44 F.3d 931, 934 - 35 (11th Cir. 1995)(citing Smith v. Schweiker, 677 F.2d 826, 829 (11th Cir. 1982)). This special duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore all the relevant facts" and to be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." Cowart, 662 F.2d at 735 (citations omitted). Carrying out this special duty requires a record which shows that the claimant was not prejudiced by lack of counsel. Brown 44 F.3d at 934.

The Plaintiff argues that she was confused during the proceedings and the ALJ was frustrated by the lack of evidence presented in the file. The ALJ indicated to the Plaintiff that she could halt the proceedings and do what was necessary to have the proper evidence presented to the judge so the

judge could make a decision based on everything available. (Tr. 299-300). The Plaintiff declined stating that she had already waited so long. (Tr. 300). The Plaintiff now asserts that had she been represented by counsel at the hearing, the file would have been updated and complete.

Arguing from <u>Brown v. Shalala</u>, 44 F.3d 931 (11th Cir 1995), the Plaintiff asserts that the ALJ should have stopped the hearing rather than explaining to the Plaintiff she could continue if she desired. In <u>Brown vs. Shalala</u>, when the ALJ asked the claimant if she wanted to be represented at the hearing, the claimant clearly stated that she wanted her supervisor from work present to represent her interest and yet the ALJ ignored her protest and proceeded with the hearing. 44 F.3d 931,933 (11th Cir 1995). That is not the case here. To the contrary, the evidence clearly sets forth the fact that the Plaintiff did not want an attorney to represent her. (Tr. 293). The Plaintiff even admits in her memorandum in support of the Complaint that she received adequate written and oral notice of her right to counsel. (Plaintiff's Memorandum ((Doc. # 14) at 4 ¶ 1). The Plaintiff was given adequate notice of the right to counsel and knowingly waived the right.

Thus, the Court must now look to see if the Plaintiff's lack of representation caused prejudice to her case. In doing so the Court notes that while the ALJ has a responsibility to develop the record, it is still the Plaintiff's burden to present adequate evidence to demonstrate her disability. <u>Ellison</u>, 355 F.3d at 1276. Indeed, some of the Plaintiff's medical records were missing from her file during the hearing, namely the results of the Rheumatologists' Dr. Peter Fischer and records from Dr. Pogee who the Plaintiff testified performed an operation on her shoulder. However, the record was later supplemented with all of the missing records and made available for the Appeals Council's consideration. Even with the new material in the file, the Appeals Council denied review stating that the additional records would not have changed the ALJ's decision. Therefore, the

Plaintiff failed to demonstrate the required prejudice to have the case remanded to the Commissioner on the issue of her waiver of the right to counsel.

*(2) Whether the ALJ and the Appeals Council Failed to Give Adequate Weight to the Opinion of the Plaintiff's Treating Rheumatologist*

The Plaintiff asserts that neither the ALJ nor the Appeals Council accorded proper weight to the rheumatologist report filed by Dr. Fischer diagnosing the Plaintiff with fibromyalgia.

(a) The ALJ

The Plaintiff argues that the ALJ failed to consider the Plaintiff's allegations of chronic pain syndrome as indicated by the diagnosis of fibromyalgia found in Dr. Fischer's rheumatologist report. While it is well established that the ALJ has a duty to develop a full and fair record, that duty only extends to the record for the twelve (12) months preceding the filing of an application for benefits. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). In this instance, the rheumatologist report was not available until December 13, 2003, and the hearing was held on August 21, 2003. The decision reviewed in the Court is the decision of the ALJ. The correctness of that decision depends on the evidence that was before the ALJ. He, therefore, cannot be faulted for having failed to weigh evidence that was never presented to him during the hearing or thereafter. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998). Consequently the Plaintiff's argument lacks merit.

(b) The Appeals Counsel

Congress left the term "final decision" undefined in 42 U.S.C. § 405 (g). Where a claimant exhausts his administrative remedies by requesting review by the Appeals Council and the Appeals Council then denies review, the Appeals Council's order denying review is a "final decision" of the Commissioner under § 405 (g). Sims v. Apfel, 530 U.S. 103, 106-107, 120 S.Ct. 2080, 147 L. Ed.

10

2d 80 (2000); Bloodsworth, 703 F.2d at 1239. The Appeals Council "will" review a case if there appears to be an abuse of discretion by the ALJ, if there is an error of law, or if the ALJ's action, findings, or conclusions are not supported by substantial evidence. 20 C.F.R. § 416.1470; Sims, 530 U.S. at 111; Parker v. Bowen, 788 F.2d 1512, 1518 (11th Cir. 1986) (en banc). The Appeals Council's denial of review is subject to judicial review to determine if it is supported by substantial evidence. Sims, 530 U.S. at 111.

Just as the ALJ has a duty to investigate the facts and to develop the arguments both for and against the granting of benefits, the Appeals Council's review is similarly broad. Id. at 111-112. When the Appeals Council refuses to consider new evidence submitted to it and denies review, the Appeals Council's decision denying review is subject to judicial review. 20 C.F.R. § § 404.970 (b); 416.1470 (b); Keeton, 21 F.3d at 1066. Furthermore, the Appeals Council commits reversible error when it refuses to consider new evidence if that evidence was available at the time of or prior to the ALJ's hearing and then denies review. Id. at 1066. Similarly, it is reversible error for a district court to consider only the evidence presented to the ALJ — and to ignore the new evidence presented to the Appeals Council — in reviewing a decision of the Appeals Council. Id. The Appeals Council must consider and evaluate new evidence to determine whether there is a basis for changing the ALJ's decision. Falge v. Apfel, 150 F.3d 1320, 1322 n. 4 (11th Cir. 1998). When the Appeals Council has denied review, the district court looks only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence. Id. at 1323; Eads v. Secretary of Health and Human Services, 983 F.2d 815, 817 (7th Cir. 1993) (ALJ cannot be faulted for failure to weigh evidence never presented to him). The Eleventh Circuit directs the district courts to consider evidence submitted to the Appeals Council in reviewing the Appeals Council's

denial of review. Falge, 150 F.3d at 1324; Keeton, 21 F.3d at 1066. Indeed, it makes sense that Congress has provided for judicial review of the Commissioner's final decision — the last step of review necessary to exhaust administrative remedies. When the Appeals Council refuses to consider new evidence submitted to it, the Appeals Council's decision denying review is subject to judicial review for error. Id. Similarly, when the Appeals Council denies review of an ALJ's decision after receiving, considering, and evaluating new and material evidence that clearly and thoroughly undermines the ALJ's findings of fact and conclusions of law, the Appeals Council's decision denying review also must be subject to judicial review for error. 20 C.F.R. § 404.970 (b) (Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the relevant period, and it will then review the case if it finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record); Falge,150 F.3d at 1324; Keeton, 21 F.3d at 1066, 1068.

The Commissioner cannot avoid judicial review of the Appeals Council's decision to deny review by considering but not acting on new evidence that is highly probative of disability, or by considering but not acting on evidence that shows in retrospect that an ALJ's action, findings, or conclusion are contrary to the weight of the evidence currently of record.

The Plaintiff contends that the Appeals Counsel committed reversible error by not reviewing the record of Dr. Fischer. The treatment notes of Dr. Fischer beginning September 10, 2003, with a follow-up treatments on October 7, 2003, and December 12, 2003, were submitted to the Appeals Council. Dr. Fischer's report along with medical evidence from Dr. Mark A. Robbin M.D., Dr. J. Jeffery Poggi, M.D. and Dr. Padma Balasubramanian, M.D. were admitted into evidence by the Appeals Council on March 4, 2004. In its decision denying the Plaintiff's request for review of the

ALJ's decision, the Appeals Council specifically stated that it considered the Plaintiff's submission of new evidence and found that the evidence did not provide a basis for changing the ALJ's decision. (Tr. 7-8). Thus, the Appeals Council properly applied the law to the Plaintiff's request and its decision should not be reversed based on the Plaintiff's Motion.

### *(3) Whether the ALJ Failed to Consider the Plaintiff's Fibromyalgia at Step Two (2) of the Sequential Evaluation*

As noted above, the ALJ did not have the Rheumatologist, Dr. Fischer's, report available during the hearing in August of 2001. The Eleventh Circuit in Falge v. Apfel, adopted the Seventh Circuit's rationale as the approach to be taken by the Court when reviewing evidence submitted for review after the ALJ's hearing. 150 F.3d at 1323. The Seventh Circuit wrote:

> [t]he new evidence is a part of the administrative record that goes to the district court in the judicial review proceeding., and then to this court if there is an appeal. It might seen therefore that the district judge would be free to consider the new evidence that was before the Appeals Council in deciding whether the decision denying benefits was supported by the record as a whole. And of course this is right when the Council has accepted the case for review and made a decision on the merits, based on all the evidence before it . . . [but] it is wrong when the Council has refused to review the case. For then the decision reviewed in the courts is the decision of the administrative law judge . . . . The correctness of that decision depends on the evidence that was before him. . . . He cannot be faulted for having failed to weigh the evidence presented to him. . .

Id. (citing Eads v. Secretary of Department of Health and Human Services, 983 F.2d 815 (7th Cir. 1993). Thus, the ALJ did not make an error by not considering the Plaintiff's fibromyalgia at the second step of the evaluation because he did not have that evidence before him.

13

### (*4*) *Whether the ALJ's Finding That the Plaintiff Could Return to Her Past Employment was Supported by Substantial Evidence*

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla-*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982)); Richardson, 402 U.S. at 401.  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  Edwards v. Sullivan, 937 F.2d 580, 585 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.3d 1356, 1458 (11th Cir. 1991).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.  However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527 (e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the providence of the Commissioner. 20 C.F.R. § 404.1527 (e).

Here, the ALJ reviewed the record of the Plaintiff's treating physicians Dr. Jeffery Poggi M.D., Dr. Cheryl Gottesman, M.D., and the Florida Department of Health Division of Disability

Determinations' examining physician, Dr. Steven Tucci, M.D. (Tr. 20-21). In his decision the ALJ noted that Dr.Poggi, in July of 2001, indicated that the Plaintiff was in no apparent distress and that an examination revealed a full range of motion in her shoulder bilaterally, slightly reduced strength, and minimal discomfort with the impingement. (Tr. 20). Dr. Poggi further stated that the Plaintiff phoned him on July 23, 2001, to report that she was "feeling great" and on July 26, 2001, she cancelled surgery as she had complete relief of her shoulder symptoms. (Tr. 20).

Dr. Gottesman, stated that the Plaintiff had an injury to her shoulder with partial tendon tear and thyroid disease with some thyroid cysts. (Tr. 204). However, Dr. Gottesman opined in October of 2001, that the Plaintiff's medical condition was very unlikely to cause any long-term disability. (Tr. 204). Dr. Gottesman further opined in a letter written to the Florida Department of Health's Division of Disability Determinations in November of 2001, that while the Plaintiff's shoulder tear caused her a tough year, she did not know why the Plaintiff was applying for long-term disability. (Tr. 205).

Upon review of Dr. Tucci's report, the ALJ noted that Dr. Tucci opined that the Plaintiff was in no acute distress, exhibited a normal gait pattern, and had a full range of peripheral joint motion. (Tr. 21). In fact, the ALJ noted that no treating or examining physician opined that the Plaintiff was disabled. (Tr. 21). There were no treatment records for the years 2002 and 2003. The ALJ also considered the opinion of an impartial vocational expert who stated that the Plaintiff could return to her past relevant work as an optician. (Tr. 22). Thus, based upon the review of the ALJ's decision and noting that Plaintiff's treating physicians found that the Plaintiff did not have a permanent disability, the Court concludes that the ALJ's decision was supported by substantial evidence. Where the ALJ's decision is supported by substantial medical evidence in the record, the Court will

not disturb that ruling. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

*(5) 42 U.S.C. § 405(g) Sentence Six Remand*

The Plaintiff's argument that the ALJ failed to consider all of the evidence in the Medical record fails to establish that the ALJ or the Appeals Council committed a reversible error requiring the Court to remand under 42 U.S.C § 405(g) (sentence four). However, in contrast, a sentence-six remand may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. Jackson, 99 F.3d at 1095. Sentence six of § 405 (g) provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405 (g) (sentence six). To remand under sentence six, the claimant must establish: 1.) that there is new, non-cumulative evidence; 2.) that the evidence is material — relevant and probative so that there is a reasonable possibility that it would change the administrative result; and 3.) there is good cause for failure to submit the evidence at the administrative level. Jackson, 99 F.3d at 1090 - 92; Keeton v. Dept. of Health and Human Serv., 21 F.3d 1064, 1068 (11th Cir. 1994). With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. Jackson, 99 F.3d at 1095. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.[3] Id.

---

[3] The time for filing an application for attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ["EAJA"] differs in remands under sentence four and sentence six. Jackson, 99 F.3d at 1089, 1095 n.4 and surrounding text. In a sentence-four remand, the EAJA application must be filed after the entry of judgment before the district court loses jurisdiction. **Id.** In a sentence-six remand, the time runs from the post-remand entry-of-judgment date in the district court. Id.

The medical evidence supplied by Dr. Fischer and Dr. Poggi fall under the guidelines of sentence six. The material was not presented to the ALJ at the hearing. The material is relevant to the issues, and non cumulative. Even the ALJ and the independent medical examiner present at the hearing, Dr. Henry K. Freedman acknowledged that the rheumatologist report and Dr. Poggi's records were important evidence that should be considered before a decision could be reached. In fact, Dr. Freedman testified that he could not make a determination as to the Plaintiff's disability without those reports. (Tr. 310). The ALJ stated that he would leave the record open until those reports were filed for his review. (Tr. 318). The ALJ never received the additional medical evidence despite making several attempts to contact the Plaintiff to inquire about the information. Finally, in December of 2003 he filed his final decision. Although the ALJ cannot be expected to wait an inordinate amount of time to receive information from a plaintiff, in the instant case, the ALJ specifically highlighted its importance to the decision. Thus, it is respectfully recommended that the case be remanded to the Commissioner pursuant to 42 U.S.C. § 405(g)(sentence six) for review and/or hearing by an ALJ of the new medical evidence presented by Dr. Fischer and Dr. Poggi.

Accordingly it is hereby

**RECOMMENDED:**

The Plaintiff Cheryl M. Corbett's Claim Seeking Review of the Final Decision of the Commissioner of Social Security (Commissioner) denying the Plaintiff's Claim for Disability Insurance (Doc. #1) should be **REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g)(sentence six) for consideration of the following medical evidence:

(1) Dr. Peter Fischer, M.D.'s reports dated September 10, 2003, October, 7, 2003, and December 11, 2003.

(2) Medical Evidence from Dr. J. Jeffery Poggi, M.D. dated July 12, 2001, through June 18, 2002, including any evidence relating to the Plaintiff's shoulder surgery.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this __13th__ day of May, 2005.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record