```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CHERYL M. CORBETT,

                Plaintiff,

vs.                          Case No. 2:04-cv-259-FtM-29SPC

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## **ORDER**

This matter comes before the Court on plaintiff's Motion for EAJA Fees (Doc. #21), filed on July 11, 2005. Plaintiff indicates that the Commissioner reserved objections and may file a response. The Court finds that a response is unnecessary.

    Plaintiff in this cause sought judicial review of the final decision of the Commissioner of Social Security of the Social Security Administration (the Commissioner) denying his claim for Disability Insurance Benefits. On May 13, 2005, the Magistrate Judge issued a Report and Recommendation (Doc. #19) recommending that the case be remanded to the Commissioner pursuant to sentence six for further consideration. The undersigned accepted and adopted the Report and Recommendation on June 9, 2005, remanded the case to the Commissioner, and administratively closed the case. The proceedings on remand have apparently not yet been completed, since the Commissioner has not returned to the Court with any

information concerning the decision on remand. Accordingly, no final judgment has been entered in the case.

In <u>Melkonyan v. Sullivan</u>, the Court found that the Equal Access to Justice Act (EAJA) requires the entry of a final judgment as a predicate for an award of attorney fees. A final judgment is "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 96 (1991). With a Sentence Six remand, the district court retains jurisdiction and enters judgment after the remand proceedings are completed. The time for filing an EAJA application in a Sentence Six remand runs from the date of the post-remand judgment. <u>Jackson v. Chater</u>, 99 F.3d 1086 (11th Cir. 1996). <u>See</u> <u>also</u> <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993). Therefore, plaintiff's motion for attorney fees, made prior to entry of a final judgment after completion of the remand proceedings, must be denied as premature.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for EAJA Fees (Doc. #21) is **DENIED** without prejudice as premature.

**DONE AND ORDERED** at Fort Myers, Florida, this ___21st___ day of July, 2005.

JOHN E. STEELE
United States District Judge